Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ÁNGEL BERMÚDEZ CARTAGENA<br><br>Recurrente<br><br><br>V.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00082 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>GMA-296-226-24<br><br><br>Sobre:<br>Solicitud de Remedio Administrativo |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece ante nos por derecho propio e *in forma pauperis* el señor Ángel Bermúdez Cartagena (señor Bermúdez Cartagena o recurrente) en solicitud de que revisemos una *Respuesta del Área Concernida/Superintendencia* del 25 de abril de 2025 dirigida a la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido). En este, el técnico de servicio sociopenal Rafael Franco Vélez indicó que verificaría con el funcionario encargado de los casos federales para que solicitara el certificado de tratamiento de trastornos adictivos que el recurrente alegó haber tomado durante su reclusión en una institución penal federal y que constituía un requisito del DCR, según lo peticionado en la *Solicitud de Remedio Administrativo* del 17 de marzo de 2025.

En desacuerdo con la respuesta, el 28 de mayo de 2025, el señor Bermúdez Cartagena presentó una *Solicitud de Reconsideración*, en la que solicitó la entrega del referido certificado. En atención a ello, el 20 de junio de 2025, la División de Remedios Administrativos del DCR emitió una *Respuesta de Reconsideración al*

*Miembro de la Población Correccional,* mediante la cual denegó la solicitud de reconsideración. **Se informó que el caso se discutió con el técnico de servicio sociopenal, quien indicó que se encontraba realizando gestiones con el personal de la institución federal**. Asimismo, se advirtió que era importante que el recurrente mantuviera comunicación directa con el técnico de servicio sociopenal para obtener información sobre el estatus de su petición.

Aún inconforme, el señor Bermúdez Cartagena presentó este recurso, en el que planteó que el personal del DCR no ha cumplido con su responsabilidad de gestionar el documento solicitado, a pesar de contar con contacto directo con la agencia federal.

Se adelanta la desestimación del recurso de revisión judicial.

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), prescindimos de la comparecencia de las partes con interés en este caso, a los fines de lograr el más justo y eficiente despacho.

**I.**

**A. <u>Jurisdicción</u>**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.,* 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385-386 (2020). Ante la falta de jurisdicción, un tribunal carece de la facultad para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, supra,* pág. 386. Es crucial que un foro judicial evalúe primero el aspecto jurisdiccional, ya que no puede asumir discrecionalmente jurisdicción donde no existe. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). Pues, los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales se atienden con prioridad. De

lo contrario, la falta de jurisdicción conlleva como consecuencia que no pueda ser subsanada y la nulidad del dictamen emitido. *Íd.*

Por ello, cuando este Tribunal carece de jurisdicción para intervenir en un asunto, procede desestimar inmediatamente el recurso apelativo, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). La Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, dispone que este Foro posee facultad para desestimar, a iniciativa propia, un recurso por falta de jurisdicción, falta de perfeccionamiento conforme a derecho, ausencia de diligencia o buena fe, frivolidad o por haberse tornado académico el asunto.

## B. <u>Revisión judicial</u>

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9671 *et seq.* (LPAUG), dispone un procedimiento uniforme para la revisión judicial de una adjudicación administrativa. *Gobierno PR v. Torres Rodríguez*, 210 DPR 891, 907 (2022). Mediante este recurso, este Tribunal puede revisar las decisiones, órdenes y resoluciones finales emitidas por un organismo o una agencia administrativa. Artículo 4.006(c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Su propósito es asegurar que el organismo administrativo actuó conforme con el poder delegado y la política legislativa. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, <u>*Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*</u>, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Para que la parte recurrente tenga a su disposición la revisión judicial, debe haber agotado todos los remedios administrativos. *AAA v. UIA*, 200 DPR 903, 912 (2018); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2014). Esta doctrina de autolimitación judicial tiene el

propósito de evitar una intervención judicial a destiempo que interfiera con el cauce administrativo. *Moreno Ferrer v. JRCM*, 209 DPR 430 (2022). De esta manera, se permite que la agencia desarrolle un historial completo del asunto, implemente medidas que se alineen con su política pública y se evitan los disloques causados por intervenciones inoportunas de los tribunales en las etapas interlocutorias. *Íd.*, pág. 914; *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004). Asimismo, la agencia puede adjudicar todas las controversias pendientes ante sí, de forma que se refleje su posición final. *Procuradora Paciente v. MCS*, *supra*; *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 490 (1997).

Ahora bien, se puede preterir el cauce administrativo cuando se demuestra mediante hechos específicos y bien definidos que el remedio administrativo es inadecuado; su agotamiento causaría un daño irreparable al promovente; en el balance de intereses no se justifica agotar los remedios; existe una violación sustancial de derechos constitucionales; existe una dilación excesiva en los procedimientos; la agencia carece claramente de jurisdicción; o se trata de un asunto estrictamente jurídico que no requiere el peritaje administrativo. Sección 4.3 de LPAUG, *supra,* sec. 9673.

## II.

Nos encontramos ante un asunto que al presente se encuentra en trámite por parte de la entidad recurrida. De su propia faz surge que el técnico de servicio sociopenal se encuentra en proceso de recopilar información conducente a lograr conseguir la documentación solicitada por el recurrente. No nos encontramos, por tanto, ante una determinación revisable, por lo que este Foro Apelativo carece de jurisdicción para intervenir. Este Tribunal únicamente puede revisar decisiones administrativas finales. Por tanto, al tratarse de una gestión interlocutoria y no habiendo culminado el trámite administrativo, corresponde abstenernos de

intervenir prematuramente y desestimar el recurso, conforme dispone la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83.

**III.**

Por los fundamentos antes expuestos, se desestima el recurso presentado por el recurrente por falta de jurisdicción.

El DCR deberá entregar copia de la presente *Sentencia* al señor Bermúdez Cartagena en cualquier institución donde se encuentre recluido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones